F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 2002**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK D. THOMAS,

     Petitioner - Appellant,

v.

GARY WATKINS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 02-1081

(D.C. No. 01-Z-2285)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Frederick D. Thomas, a state prisoner appearing pro se, seeks a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability to appeal the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. We deny a certificate of appealability and dismiss the appeal.

Thomas pleaded guilty to one count of second-degree murder and two counts of aggravated robbery in July 1997. On September 18, 1997, the trial court denied his motion to withdraw his guilty plea and sentenced him to seventy years in prison. He did not file a direct appeal. On February 15, 2000, Thomas filed a motion for state post-conviction relief alleging his counsel was ineffective and his plea was involuntary. The trial court denied the motion. The Colorado Court of Appeals affirmed the denial on October 11, 2001, and the Colorado Supreme Court denied certiorari.

On November 28, 2001, Thomas filed his federal habeas petition asserting he was denied due process because his counsel was ineffective and his plea was involuntary. The district court dismissed the action, finding that Thomas' petition was barred by the one-year limitation period in 28 U.S.C. § 2244(d) because more than two years had elapsed between the date his conviction became final and the date he filed his motion for state post-conviction relief. We have examined the record on appeal and Thomas' filings with this court. We conclude that Thomas' action is barred for substantially the same reasons as stated in the district court's order dated February 6, 2002.

As petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1)(B), we DENY a certificate of appealability,

DENY his motion to proceed in forma pauperis on appeal, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge